IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Hayward L. Rogers, #278510, ) | |
| ) | Civil Action No. 8:08-3569-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Joyce Young, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the plaintiff's motion to dismiss. (Dkt. # 12.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

An action may be dismissed voluntarily by the plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1). However, once the defendant has answered or filed a motion for summary judgment, Fed. R. Civ. P. 41(a)(2) requires leave of court for a voluntary dismissal without prejudice. Whether to grant such a motion is within this court's discretion. *See Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987). A dismissal without prejudice should be denied when a defendant will suffer prejudice. *See e.g. Andes v.*

*Versant Corp.*, 788 F.2d 1033 (4th Cir.1986). "[P]rejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Davis. v. USX Corporation*, 819 F.2d 1270, 1274-75 (1987). "A plaintiff's motion under Rule 41(a)(2) for voluntary dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986). Here, the Court discerns no prejudice to the defendants in granting the motion. Furthermore, the defendants consent to the dismissal without prejudice. (Dkt. # 13.)

Based upon the foregoing, it is RECOMMENDED that the Plaintiff's Motion to Dismiss (# 12) be GRANTED and the Plaintiff's complaint be DISMISSED without prejudice.

Further, if the District Court adopts this Report and Recommendation, it is RECOMMENDED that the Plaintiff's Motion for a Hearing and Preliminary Injunction (#4) and the Defendants' Motion to Dismiss (#6) be DENIED as Moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 12, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).